08-1065-cr
USA v. Williams (Lewis)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

————————————

August Term, 2007

(Argued: May 9, 2008)							Decided: January 7, 2009)

Docket No. 08-1065-cr

————————————

United States of America,

*Appellee*,

*-v.-*

Van D. Williams, Tiege Williams, Mack Graham, Curt Cook, also known as Country, Jamar Love, also known as Sealed Deft #6, Lamar Jamison, also known as Nathan Lamar Jamison, also known as Skeet, also known as Sealed Deft #7, Jamal Peterson, also known as Scratch, also known as Sealed Deft #8, Bruce Stephens,

*Defendants*,

Saquan Lewis, also known as "S", also known as Esco,

*Defendant-Appellant*.

————————————

BEFORE:		HALL, LIVINGSTON, and GIBSON *Circuit Judges*.[*]

————————————

Appellant appeals from a denial of a motion seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) following the amendment to the Sentencing Guidelines applicable to crack cocaine violations. In denying the motion for resentencing, the District Court for the Northern District of New York (Mordue, J.), found that because Appellant's original sentence was a non-Guidelines sentence resulting from a departure from the statutory minimum sentence pursuant to 18

---

[*]The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

U.S.C. § 3553(e), he was not eligible for a reduced sentence under the amended Guidelines. We agree with the district court's interpretation of § 3582(c)(2) and find that Appellant is not eligible for a new sentence under the revised Guidelines because the Guidelines provision underlying the sentence that was finally imposed on the Appellant was not a provision affected by the subsequent amendment to the Guidelines. AFFIRMED.

———————————

Alexander Bunin, Federal Public Defender, Lisa A. Peebles, Assistant Federal Public Defender and James P. Egan (*on brief*), Albany, NY, *for Appellant*.

Brenda K. Sannes, Lisa M. Fletcher (*on brief*), Assistant United States Attorneys, *for* Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.

———————————

HALL, *Circuit Judge*:

Defendant-Appellant Saquan Lewis appeals from an order of the District Court for the Northern District of New York (Mordue, J.) denying Lewis's February 15, 2008 motion for resentencing, pursuant to 18 U.S.C. § 3582(c)(2), under the amendment to Section 2D1.1(c) of the United States Sentencing Guidelines ("Guidelines") for offenses involving crack cocaine. The district court found that since Lewis's original sentence was a non-Guidelines sentence resulting from a departure from the statutory minimum pursuant to 18 U.S.C. § 3553(e), he was not eligible for a reduced sentence under the amended Guidelines because the Guidelines provisions underlying the sentence that had been imposed were not affected by the subsequent amendments. Lewis also appeals from the denial of his motion to reconsider in which the district court reiterated its rationale for denying resentencing.

On appeal, Lewis contends that the district court erred in not finding him eligible for resentencing because the original Guidelines range applicable to his offense of conviction, i.e., the Guidelines calculation based on the quantity of crack cocaine involved in his offense, was affected

2

by the amendment to the Guidelines. Lewis asserts that although the statutory minimum sentence for his offense of conviction was greater than the applicable Guidelines range, because he was granted a downward departure from the statutory minimum following the government's motion pursuant to § 3553(e), the applicable crack cocaine Guidelines range was therefore revived. He points out that the sentence he ultimately received fell within that Guidelines range. Thus, he contends, the district court erred when it ruled the later Guidelines amendment did not affect the basis underlying his sentence and that he was, therefore, ineligible for resentencing under § 3582(c)(2). We disagree with Lewis's arguments, and we affirm the decision of the district court finding Lewis ineligible for resentencing under § 3582(c)(2).

## BACKGROUND

On May 16, 2002, a superseding indictment was issued charging Defendant-Appellant Saquan Lewis and eight co-defendants with conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine, more than 50 grams of cocaine base, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. The indictment also charged Lewis with various firearms offenses, including a violation of 18 U.S.C. § 924. On September 6, 2002, pursuant to a plea and cooperation agreement, Lewis pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

At sentencing, the parties stipulated that Lewis was responsible for between 50 and 150 grams of crack cocaine, which, according to the presentence report ("PSR"), resulted in a Guidelines offense level of 32 under the version of U.S.S.G. § 2D1.1(c)(4) that was then in effect. The PSR

3

stated that Lewis was eligible for a reduction of three offense levels for acceptance of responsibility and for notifying the government of his intent to enter a guilty plea. The resulting offense level thus became 29, which combined with Lewis's category II criminal history, yielded a sentencing range of 97 to 121 months. As a result of a prior drug conviction, however, Lewis was subject to a statutory minimum sentence of 240 months on the crack cocaine conspiracy charge, with an additional 60-month term to be served consecutively on the firearms charge. Based on the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the district court departed below the mandatory minimum. On January 21, 2003, the district court imposed a 100-month sentence, 50 months each on the conspiracy and firearms charges to run consecutively. There is no evidence that the Guidelines range calculated under U.S.S.G. § 2D1.1(c) played any role in the district court's determination of his sentence, and the district court so found.

On November 1, 2007, the Sentencing Commission's amendment of the Drug Quantity Table in U.S.S.G. § 2D1.1(c) with respect to offense levels for crack cocaine offenses became effective. U.S.S.G. Supp. to App. C, amend. 706 (2007). On December 11, 2007, the Sentencing Commission voted to make the amendment retroactive. Under the amended Guidelines, if applicable, the quantity of crack cocaine involved in Lewis's offenses would result in a base offense level of 30, *see* U.S.S.G. § 2D1.1(c) (2007), and after taking into consideration the three-level reduction for Lewis's acceptance of responsibility would yield an offense level of 27.

On February 15, 2008, Lewis filed a Rule 35 motion requesting resentencing under the revised crack cocaine Guidelines in U.S.S.G. § 2D1.1(c) pursuant to 18 U.S.C. § 3582(c)(2), which provides for limited circumstances when an imposed sentence may be modified. (e.g., in the case of a retroactive amendment to the Guidelines that would affect the terms of the original sentence). In his

§ 3582(c)(2) motion, Lewis asserted that his original base offense level of 32 would be reduced to a base offense level of 30 under the amended Guidelines with a resulting sentencing range of 78 to 97 months imprisonment. Lewis noted that he has been in federal custody since his arrest on June 28, 2001 and that if his request for a reduction were granted, he would be eligible for immediate release as of March 3, 2008.

In a Memorandum-Decision and Order filed on February 26, 2008, the district court denied the motion. The district court found that Lewis was not eligible for a reduced sentence because: (1) his original sentence was based on a departure from the statutory minimum under 18 U.S.C. § 3553(e), and "the sentencing range in the Guidelines had no bearing on defendant's sentence"; (2) he was ineligible for a revised sentence because "defendant has not been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)'" (quoting 18 U.S.C. § 3582(c)(2)); and (3) the decision not to lower the sentence based on the revised Guidelines was in accordance with the Guidelines policy statement in U.S.S.G. § 1B1.10, which states that a reduction is not authorized when "the amendment does not have the effect of lowering the defendant's applicable guideline range because of another guideline or statutory provision (*e.g.*, a *statutory mandatory minimum* term of imprisonment)." *United States v. Lewis*, No. 01-cr-280, 2008 WL 545008, at *1 (N.D.N.Y. Feb. 26, 2008) (emphasis in original).

Lewis filed a timely motion for reconsideration, arguing that: (1) the district court had conflated the terms "guidelines range" and "guidelines sentence"; (2) once the district court departed below the mandatory minimum sentence, the mandatory minimum was "waived," *see* U.S.S.G. § 2D1.1, application note 7, such that the original "guidelines range" becomes the basis on which a

5

sentence is imposed; and (3) the district court's interpretation of 18 U.S.C. § 3582(c)(2) was overly restrictive and contrary to the plain meaning of the statute because even where a mandatory minimum becomes the Guidelines sentence, the court must consider the "guidelines range." The district court denied the motion for reconsideration, reiterating its earlier reasoning and rejecting Lewis's argument regarding "waiver" of the statutory minimum. It also found Lewis's arguments in conflict with this Court's ruling in *United States v. Richardson*, 521 F.3d 149 (2d Cir. 2008). *Lewis*, 2008 WL 591944 at *1.

## DISCUSSION

The issue before us is whether Lewis's original sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. The underpinning of the district court's ruling being statutory interpretation, we review it *de novo*. *United States v. Pettus*, 303 F.3d 480, 483 (2d Cir. 2002).

Congress has authorized courts to modify a term of imprisonment only in limited circumstances. Title 18, § 3582(c)(2) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that
>
> . . .
>
> (2)  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

6

policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

At sentencing, the Drug Quantity table in the then-applicable U.S.S.G. § 2D1.1(c)(4), which was the starting point for calculating Lewis's Guidelines sentence, yielded a sentencing range of 97 to 121 months. Having been convicted of a prior narcotics felony, however, Lewis was subject to a statutory mandatory minimum sentence of 240 months imprisonment. *See* 21 U.S.C. § 841(b)(1). Therefore, pursuant to U.S.S.G. § 5G1.1(b), because Lewis's "statutorily required minimum sentence [was] greater than the maximum of the applicable guideline range, the statutorily required minimum sentence [was] the guideline sentence."

On appeal, Lewis argues that the district court's analysis of whether Lewis was eligible for modification of his sentence erroneously confused the term 'Guidelines range' with the term 'Guideline sentence.' We do not agree. The original Guidelines range of 97 to 121 months had no bearing on what became Lewis's Guideline sentence because the 240-month mandatory minimum "subsume[d] and displace[d] the otherwise applicable guideline range." *United States v. Cordero*, 313 F.3d 161, 166 (3rd Cir. 2002). Once the mandatory minimum applied, Lewis's sentence was no longer "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This same conclusion was also reached by the Eleventh Circuit in *United States v. Moore*, which found that a defendant is not eligible for resentencing under § 3582(c)(2) where "the range upon which [the defendant's] sentence was based is unaffected by the change in her base offense level." 541 F.3d 1323, 1330 (11th Cir. 2008) (finding several defendants ineligible for sentencing reduction under 18 U.S.C. § 3582(c)(2) based on amendment to crack cocaine sentencing Guidelines because defendants were sentenced as career offenders, so

Amendment 706 had no effect on the sentencing range that the district court relied on in determining the sentences).

That Lewis is ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum is further supported by the policy statement of the Sentencing Commission which provides that:

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum* term of imprisonment).

U.S.S.G. §1B1.10, application note 1, subsection 1(A) (emphasis added). We are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

While Lewis's criminal activity, standing alone, merited a 240-month mandatory minimum sentence, this was not the final sentence imposed. Pursuant to the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the district court departed below the mandatory minimum. Lewis contends that in determining the extent of the § 3553(e) departure, the district court must have relied upon the original Guidelines range derived from the quantity of crack cocaine involved in his offense under U.S.S.G. § 2D1.1(c)(4) ("the U.S.S.G. § 2D1.1(c) sentencing range"). But this is not true. The district court has stated as a matter of fact that "the sentencing range in the Guidelines had no bearing on the defendant's sentence." This finding, moreover, was consistent with the result reached by the Eleventh Circuit in *Moore*, where the court found Amendment 706 inapplicable to a

defendant who received a downward departure pursuant to a § 5K1.1 motion, noting that there was no "indication that the court based Moore's sentence on the [crack cocaine] guideline range that would have applied absent [his] career offender designation." *Moore*, 541 F.3d at 1330.

Our recent decision in *United States v. Richardson* is also instructive. 521 F.3d 149 (2d Cir. 2008). "When, as here, the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations." *Id.* at 159. We further explained that "[i]n arriving at a final sentence, of course, the district court may consider other factors in determining whether to grant the full extent of the departure permitted by § 3553(e)." *Id. Richardson* makes clear that the only factor the sentencing court may consider in deciding the maximum extent of the downward departure pursuant to a § 3553(e) motion is the nature and extent of the defendant's substantial assistance. Then, only after the court has determined the full extent of the downward departure it would award based on that substantial assistance does the court consider other factors, including those in § 3553(a), to decide whether to depart to that full extent. That is, the court could refrain from granting the full extent of the substantial assistance departure because of the nature and circumstances of the crime, the characteristics of the defendant or any other applicable relevant factors that have been presented to the sentencing court. We know both from *Richardson* and the district court's specific finding in this case that the original crack cocaine Guidelines should not have and did not play a role in determining the maximum extent of a substantial assistance departure under § 3553(e). *See id.*

Lewis also argues that once the district court granted the government's motion to depart for substantial assistance, the mandatory minimum was "waived" and the original U.S.S.G. § 2D1.1(c)

9

sentencing range therefore controlled. This argument too, is refuted by our holding in *United States v. Richardson*–the statutory minimum sentence is the departure point for the court's § 3553(e) considerations. *See Richardson*, 521 F.3d at 159. As such, in considering the applicability of § 3582(c)(2) to the Guidelines determination underlying the original sentence, we must look to the Guidelines sentence, i.e., the statutory mandatory minimum sentence, from which the sentencing court departed pursuant to § 3553(e). *See United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (finding on direct appeal that a defendant was not entitled to a remand for resentencing under § 3582 because "the district court used the 120 month mandatory minimum as its point of departure" under § 3553(e)).

We have considered defendant's other arguments and find them to be without merit.

During the pendency of this appeal, post argument, the appellant moved to withdraw the appeal. Because our disposition of the appeal does not affect the terms of the appellant's incarceration and will not require future hearings in the district court that might in turn affect his programming within the Bureau of Prisons, the motion to withdraw the appeal is denied.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

10