SUMMARY ORDER

Defendant-appellant John Allen, Jr. (“Allen”) appeals from the July 9, 2008 order of the United States District Court for the Northern District of New York, denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties’ familiarity with the underlying facts and the procedural history of this case, as well as with the issues raised on appeal.
Assuming arguendo that Allen is correct that he would be eligible for a sentence reduction if the district court had premised his ultimate sentence on crack-cocaine guidelines that have now been lowered by Amendment 706, Allen’s appeal is nevertheless without merit because nothing in the record suggests that the district court in fact premised Allen’s sentence on the guideline range that would have been applicable to him absent the statutory mandatory minimum. See United States v. McGee, 553 F.3d 225, 228 (2d Cir.2009) (holding that U.S.S.G. § 1B1.10 “would permit a defendant whose post-departure sentence was ... explicitly based on the crack cocaine guidelines to request a reduced sentence pursuant to Amendment 706 and 18 U.S.C. 3582(c)(2)” (emphasis added)).
First, nothing in the record suggests that in granting the government’s motion for a departure from the statutory minimum sentence pursuant to § 3553(e) and U.S.S.G. § 5K1.1, the district court granted less than the maximum reduction warranted by Allen’s substantial assistance. See United States v. Williams, 551 F.3d 182, 186-87 (2d Cir.2009) (“[T]he only factor the sentencing court may consider in deciding the maximum extent of the downward departure pursuant to a § 3553(e) motion is the nature and extent of the defendant’s substantial assistance.... [T]he original crack cocaine Guidelines should not ... play a role in determining the maximum extent of a substantial assistance departure under § 3553(e).”). The government moved for a departure from the statutory minimum sentence pursuant to § 3553(e) and U.S.S.G. § 5K1.1, recommending that Allen’s substantial assistance warranted a sentence within the range associated with an offense level of 31. Although Allen’s attorney argued that a more significant departure was warranted in light of Allen’s total assistance, the district court implicitly adopted the government’s position by sentencing Allen to the bottom of the guidelines range associated *46 with an offense level of 31. These facts do not suggest that the district court would have imposed a less severe sentence in light of Allen’s substantial assistance had his offense level under the crack-cocaine guidelines been lower.
Moreover, the district court never indicated that its departure for substantial assistance was in any way based on the crack-cocaine guidelines that would have applied to Allen absent the statutory mandatory minimum. Although in a letter to the court Allen’s attorney characterized the government’s recommendation as a four-level downward departure from Allen’s total offense level of 35, neither the government nor the district court adopted this characterization.
In light of the above facts and the district court’s conclusion that “a reduction in the guideline range would not result in a sentence less than the original 168 months imposed,” we conclude that the district court properly denied Allen’s motion. See Williams, 551 F.3d at 185-87.
For the reasons discussed, the order of the district court is AFFIRMED.