SUMMARY ORDER
Defendant-Appellant Ronnie Walker appeals from the May 1, 2008 order of the United States District Court for the Western District of New York (Larimer, /.) denying Walker’s motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his 156-month sentence for conspiracy to distribute 50 grams or more of cocaine base (or “crack cocaine”). See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Walker filed the motion in light of the United States Sentencing Commission’s retroactive amendment of § 2D1.1 of the United States Sentencing Guidelines (U.S.S.G.) to reduce the base offense level of drug offenses involving crack cocaine. The district court provided two reasons for denying the motion. First, it concluded that Walker was ineligible for a sentence reduction as a matter of law because he was sentenced pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Second, the court stated that even if Walker were eligible for § 3582(c)(2) relief it would decline to reduce his sentence “because defendant received a much lower sentence than called for by the Guidelines and much lower than would have been the case” had the Government not withdrawn its 21 U.S.C. § 851 notice during Walker’s original sentencing, an action that spared Walker from a minimum statutory sentence of twenty years. App. 58; see 21 U.S.C. § 841(b)(1)(A). Walker challenges both of these reasons for denying his motion. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
As the Government correctly notes in its 28(j) letter, there is currently a circuit split on the legal issue of whether defendants sentenced under Rule 11(c)(1)(C) plea agreements may ever have recourse to resentencing pursuant to § 3582(c)(2). We need not resolve this issue for our Circuit today, however, because the district court in this case provided sufficient justification for its determination that it would not resentence Walker even if given the opportunity. Where a defendant is *70 eligible for resentencing pursuant to § 3582(c)(2), “the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10 cmt. n. l(B)(i) (“Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant’s term of imprisonment is warranted; and (II) the extent of such reduction....”). We do not require district courts to provide “robotic incantations” of the § 3553(a) factors to prove that they have been considered. United States v. Cavera, 550 F.3d 180, 193 (2d Cir.2008) (en banc) (internal quotation marks omitted). Rather, “we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors.” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006).
Had the Government not withdrawn its § 851 notice detailing Walker’s history as a drug felon, Walker not only would have been subject to a minimum statutory sentence seven years higher than the 156-month sentence he received, he also would have been ineligible for a § 3582(c)(2) sentence reduction because “[ojnce the mandatory minimum applied, [Walker’s] sentence was no longer ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission.’ ” United States v. Williams, 551 F.3d 182, 185 (2d Cir.2009) (quoting § 3582(c)(2)). By taking note of how much more serious Walker’s sentence would have been had the § 851 notice not been withdrawn, the district court demonstrated its consideration of “the nature and circumstances of the offense and the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). The court’s reference to the § 851 motion also pertains to “the kinds of sentences available” to Walker, id. § 3553(a)(3), and is relevant to “the need for the sentence imposed ... to reflect the seriousness of the offense,” id. § 3553(a)(2)(A). Therefore, the district court’s juxtaposition of the 156-month sentence Walker received and the 20-year sentence he escaped provides sufficient reasoning to support its refusal to reduce Walker’s sentence still further.
Walker objects to the district court’s reference to the 168-210 month guideline range that the Probation Department determined would be applicable if the court accepted the one-level upward departure under U.S.S.G. § 5K2.21 agreed upon by the parties to account for the Government’s agreement to withdraw the § 851 notice. It is true that the district court originally determined the applicable guideline range to be 151-188 months based on an offense level of 30 and a criminal history category of V. To the extent that the district court refers to the 168-210 month range that would have applied with the upward departure under U.S.S.G. § 5K2.21, however, we think that the district court’s purpose was simply to emphasize that Walker’s original sentence was sufficiently lenient to make any further sentence reduction inadvisable. In any event, we ultimately need not determine the propriety of the district court’s reference to the foregone 168-210 guideline range, because the district court’s discussion of the Government’s decision to withdraw the § 851 notice provides an independently sufficient justification for the court’s refusal to resentence Walker. See Cavera, 550 F.3d at 195-96.
All arguments not otherwise discussed in this summary order are found to be moot or without merit.
*71 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.