UNITED STATES of America,
Appellee,

v.

Andres PEREZ, Hilton Trinidad,
Defendants,

Luis Jose Rosario, Defendant–
Appellant.

No. 08–2649–cr.

United States Court of Appeals,
Second Circuit.

June 30, 2009.

Luis Jose Rosario, pro se.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Luis Jose Rosario appeals *pro se* from an order of the United States District Court for the Western District of New York (Arcara, C.J.), denying his motion made pursuant to 18 U.S.C. § 3582(c)(2) for reduction of an imposed term of imprisonment. We assume the parties' familiarity with the facts, procedural history, and issues raised in this appeal.

We review *de novo* a district court's statutory interpretation. *See United States v. Williams,* 551 F.3d 182, 185 (2d Cir. 2009).

The statute Rosario relies on, 18 U.S.C. § 3582(c)(2), provides that

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Sentencing Guidelines provides that, where the Guidelines range applicable to a defendant has subsequently been lowered as a result of an amendment listed in subsection (c), a reduction is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1). Effective November 1, 2007, the Sentencing Commission reduced by two levels the base offense level associated with each quantity of crack cocaine, adding that change to the list of amendments in § 1B1.10(c), and giving it retroactive effect. *See* U.S.S.G. § 2D1.1 (2007) (Amendment 706); U.S.S.G. § 1B1.10(c). The policy statement of the Sentencing Commission provides:

[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, application note 1, subsection 1(A). Once the mandatory minimum sentence applies, the sentence is "no

longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Williams*, 551 F.3d at 184 (quoting 18 U.S.C. § 3582(c)(2)).

■ As a result of his prior conviction for a felony drug offense, *see* 21 U.S.C. § 851, and his conviction pursuant to 21 U.S.C. § § 846 and 841(a)(1), Appellant was subject to a mandatory minimum sentence of not less than twenty years imprisonment. Appellant was sentenced in compliance with the applicable statutory requirement that he receive a mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). Appellant was, therefore, ineligible for modification pursuant to 18 U.S.C. § 3582(c)(2) of the imposed imprisonment term. *See Williams*, 551 F.3d at 185–86.

■ Appellant also asserts that he was not subject to the enhanced penalties authorized by 21 U.S.C. § 841(b)(1) because: (a) the information required under 21 U.S.C. § 851 was not timely filed; and (b) the prior conviction that served as a basis for sentence enhancement was obtained in violation of his constitutional rights. Appellant's argument is untimely because it was not advanced on appeal from the original sentence. A motion pursuant to 18 U.S.C. § 3582(c)(2) for modification of an imposed term of imprisonment is not a substitute for direct appeal of that original sentence and does not permit challenges such as these to the underlying sentence. *See* 18 U.S.C. § 3582(c)(2).

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.