**UNITED STATES of America,
Appellee,**

v.

**Johnnie MOORE, Defendant–Appellant.**

**No. 08–1538–cr.**

United States Court of Appeals,
Second Circuit.

July 16, 2009.

---

Donald M. Thompson, Rochester, NY, for Appellant.

Kathleen M. Mehltretter, Acting United States Attorney, Joseph J. Karaszewski, Assistant United States Attorney, Buffalo, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Johnnie Moore appeals from the March 28, 2008 order by Judge Larimer denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's November 1, 2007 amendment to the Drug Quantity Table in U.S.S.G. § 2D1.1(c) with respect to crack cocaine offense levels. U.S.S.G. Supp. to App. C, amend. 706

(2007). We assume the parties' familiarity with the facts and various proceedings in this court and the district court.

A defendant "is ineligible for a modification of his sentence under § 3582(c)(2) [where] his sentence was based on the statutory mandatory minimum...." *United States v. Williams*, 551 F.3d 182, 186 (2d Cir.2009). This is because "[o]nce the mandatory minimum applie[s], [the defendant's] sentence [is] no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* at 185 (quoting 18 U.S.C. § 3582(c)(2)).

In the present case, the November 1, 2007 amendment to U.S.S.G. § 2D1.1 had no effect on Moore's applicable Guidelines sentence. *See Williams*, 551 F.3d at 186; U.S.S.G. § 1B1.10, application note 1, subsection (A). Although the amendment may have lowered his total offense level, Moore is subject to a statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B). As a result, his applicable Guidelines sentence was and remains 120 months. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Thus, Moore is ineligible for a modification of his sentence under 18 U.S.C. § 3582(c)(2). *See Williams*, 551 F.3d at 186. In all likelihood recognizing that the applicable Guidelines sentence had not been affected by the 2007 amendment, the district court properly denied Moore's motion.

■ Moore's argument that the Government's motion for a downward departure for substantial assistance, U.S.S.G. § 5K1.1, pursuant to 18 U.S.C. § 3553(e) somehow negated the application of the statutory minimum must also fail. As this Court has made clear, when "considering the applicability of § 3852(c)(2) to the Guidelines determination underlying the original sentence, we must look to the Guidelines sentence, i.e.[ ] the statutory mandatory minimum sentence, from which the sentencing court departed pursuant to § 3553(e)." *Williams*, 551 F.3d at 187. A motion by the government to depart from the statutory minimum sentence for substantial assistance does not affect "the departure point" for the court's consideration under § 3852(c)(2), which remains the statutory minimum. *See id.*; *see also United States v. Richardson*, 521 F.3d 149, 159 (2d Cir.2008).

■ Finally, Moore's argument that the district court failed to consider the sentencing factors listed in 18 U.S.C. § 3553(a) before declining his motion for a reduced sentence is without merit. Those obligations would only be triggered if Moore was eligible for a modification of his sentence under Section 3582(c)(2) which, as previously noted, he was not. *See* 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also Williams*, 551 F.3d at 185–86.

For the foregoing reasons, the order of the District Court is hereby AFFIRMED.