08-4302-cr
United States v. Izquierdo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand and ten.

PRESENT:

> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————

United States of America,

> *Appellee,*
>
> v.                                                                 No. 08-4302-cr

Moises Izquierdo,

> *Defendant-Appellant.*

———————————————————————————

For Appellant:          MOISES IZQUIERDO, *pro se*,
                        Lisbon, Ohio.

For Appellee:           LEV L. DASSIN, Acting United States
                        Attorney, for the Southern District of New
                        York (Telemachus P. Kasulis and Katherine
                        Polk Failla, Assistant United States
                        Attorneys, of counsel).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the decision of the district court is **AFFIRMED**.

Defendant-Appellant Moises Izquierdo, *pro se* and incarcerated, appeals from an order of the United States District Court for the Southern District of New York (Griesa, J.), denying his motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his term of imprisonment. We assume the parties' familiarity with the facts, procedural history, and issues raised in this appeal.

We review *de novo* a district court's statutory interpretation. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

The statute Izquierdo relies on, 18 U.S.C. § 3582(c)(2), states in pertinent part that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, the Sentencing Commission reduced by two levels the base offense level associated with each quantity of crack cocaine, and gave that change retroactive effect by adding it to the list of amendments in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 2D1.1 (2007); U.S.S.G. Supp. to App. C, amendment 706 & 713 (2008). The policy statement of the Sentencing Commission provides:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

2

U.S.S.G. § 1B1.10, application note 1, subsection 1(A). A sentence required by the statutory mandatory minimum is not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Williams*, 551 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(2)).

As a result of his conviction for a felony drug offense pursuant to 21 U.S.C. §§ 846 and 841(a)(1), Appellant was subject to a mandatory minimum sentence of not less than ten years imprisonment. Appellant was sentenced in compliance with the applicable statutory requirement that he receive a mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). Appellant was, therefore, ineligible for modification pursuant to 18 U.S.C. § 3582(c)(2) of the imposed imprisonment term. *See Williams*, 551 F.3d at 185-86.

Appellant also asserts that the district court erred in not applying 18 U.S.C. § 3553(f)'s safety valve provision to reduce his sentence below the mandatory statutory minimum. Appellant made no showing either at the time of his original sentence or in his § 3582(c)(2) motion that he is eligible for safety valve relief.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3