10-3521-cr
United States v. Vargas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                    REENA RAGGI,
                                *Circuit Judges*,
                    JED S. RAKOFF,
                                *District Judge*.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

        v.                                                    No. 10-3521-cr

CARMELO VARGAS,
                    *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:        Julia Pamela Heit, Esq., New York, New York.

FOR APPELLEE:         Thomas G.A. Brown, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

---

\* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 29, 2010, is AFFIRMED.

Defendant Carmelo Vargas, who was convicted based on guilty pleas to conspiratorial and substantive counts of trafficking in 50 grams or more of crack cocaine, see 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and sentenced to a total of 121 months' imprisonment, now appeals from a judgment reducing his sentence to 120 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and amendments to the United States Sentencing Guidelines ("U.S.S.G") applicable to crack cocaine offenses. See United States v. Rivera, 662 F.3d 166, 168 (2d Cir. 2011) (discussing retroactivity of crack cocaine Guidelines amendments). We review sentencing reductions under § 3582(c)(2) only for abuse of discretion. See United States v. Borden, 564 F.3d 100, 101 (2d Cir. 2009). We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Vargas's only contention on appeal is that the district court abused its discretion by failing to hold an evidentiary hearing on whether Vargas's prison term should be reduced below 21 U.S.C. § 841(b)(1)(A)'s 120-month mandatory minimum because of his own and his family's alleged cooperation with the government before and after his original sentencing. This contention is meritless. Vargas moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), which does not authorize "plenary resentencing proceedings." Dillon v. United States, 130 S. Ct. 2683, 2692 (2010); accord United States v. Rivera, 662 F.3d 166, 171 (2d Cir. 2011). Rather, in a § 3582(c)(2) proceeding, a district court is not authorized to "reduce

2

[the defendant's] term of imprisonment below the minimum of [the] amended sentencing range except to the extent the original term of imprisonment was below the range then applicable." Dillon v. United States, 130 S. Ct. at 2687.

Here, Vargas's original 121-month term of imprisonment was undisputedly within the then-applicable Guidelines range. Thus, the district court had no authority in the context of a § 3582(c)(2) resentencing to impose a revised sentence below that provided for in the amended Guidelines. See Dillon v. United States, 130 S. Ct. at 2687. The district court found that Vargas's post-amendment Guidelines range provided for a 97- to 121-month prison term, and Vargas does not dispute that finding. In light of U.S.S.G. § 5G1.1(c)(2), these amended Guidelines did not permit the district court to impose a sentence lower than the 120-month mandatory minimum prison term provided for in 21 U.S.C. § 841(b)(1)(A). See United States v. Williams, 551 F.3d 182, 185–86 (2d Cir. 2009).

For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3