United States v. Cirineo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

United States of America,

          *Appellee*,

      v.                          **12-1235**

Efrain Nicolas Cirineo,

          *Defendant-Appellant*,

Rafael Cirineo, AKA Nano, *et al.*,

          *Defendants*.

_____

**FOR DEFENDANT-APPELLANT:**       Efrain Nicolas Cirineo, *pro se*, Lisbon, OH.


**FOR APPELLEE:**       Michael Alexander Levy and Antonia Marie Apps, Assistant United States Attorneys, Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Efrain Nicolas Cirineo, *pro se*, appeals from the district court's order denying his motion made pursuant to 18 U.S.C. § 3582(c)(2) for reduction of an imposed term of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination as to whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009). Section 3582(c)(2) provides that a sentencing court may, after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Where the Guidelines range applicable to a defendant has subsequently been lowered as a result of an amendment listed in subsection (c) of U.S.S.G. § 1B1.10, a reduction is authorized under § 3582(c)(2). U.S.S.G. § 1B1.10. Section 1B1.10(a)(2)(B) further provides, however, that a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) when "an amendment listed in [§ 1B1.10(c)] does not have the effect of lowering the defendant's applicable guideline range." Thus, a sentence reduction under § 3582(c)(2) would not be authorized where "[a retroactive amendment] is applicable to the defendant but the amendment

2

does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." *Id.* at Application Note 1(A).

Cirineo's sentence was not based on a Guidelines range that was subsequently lowered as a result of an amendment to the Guidelines. In relevant part, the June 2011 Amendment 750 adjusted the minimum quantity of cocaine base required for a base offense level of 38, pursuant to U.S.S.G. § 2D1.1, from 4.5 kilograms to 8.4 kilograms. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2009) and (Nov. 1, 2011). However, because the original sentencing court found that Cirineo was responsible for distributing 19 kilograms of cocaine base, well in excess of the minimum threshold under the amended Guidelines of 8.4 kilograms, the calculation of his base offense level of 38 was not changed by the Guidelines amendment and he is ineligible for a sentence reduction.

Finally, the district court did not abuse its discretion by choosing not to hold a hearing, where the sentencing court found Cirineo to be responsible for distributing a quantity of cocaine base well above the 8.4 kilogram threshold. Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant is not required to be present at a proceeding "involv[ing] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Furthermore, U.S.S.G. § 1B1.10 makes clear that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), and thus a district court's decision on the motion need not constitute a resentencing procedure. Section 6A1.3 of the Guidelines does allow hearings "[w]hen any factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3; *see also United States v. Woods*, 581

3

F.3d 531, 539 (7th Cir. 2009). However, in this case, the district court did not abuse its discretion by choosing not to hold a hearing where the sentencing court's finding that Cirineo was responsible for distributing a quantity of cocaine base well above the 8.4 kilogram threshold was not reasonably in dispute.

We have considered all of Cirineo's remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk