12-2640-cr
United States v. Howell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.

No. 12-2640-cr

HARVEY HOWELL, a/k/a Boo,
*Defendant-Appellant*.

HENRY MEDINA, a/k/a Bito, a/k/a Snoop, *et al.,*
*Defendants.\**
------------------------------------------------------------------------

FOR APPELLANT: Harvey Howell, *pro se*, Berlin, New Hampshire.

FOR APPELLEE: David C. James, James P. Loonam, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

\* The Clerk of the Court is directed to amend the official caption as shown above.

1

Appeal from an order of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 17, 2012, is AFFIRMED.

Harvey Howell is serving a 22-year sentence agreed to under Fed. R. Crim. P. 11(c)(1)(C) for one count of racketeering based on predicate acts of conspiracy to distribute 50 grams or more of cocaine base and attempted murder of a police officer. He now appeals, pro se, from the denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels for crack cocaine offenses. See U.S.S.G. App. C., Amend. 750 (2011); United States v. Rivera, 662 F.3d 166, 170–71 (2d Cir. 2011) (discussing retroactivity of crack cocaine guideline amendments). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Section 3582(c)(2) provides that a sentencing court may, after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). On de novo review of whether Howell's sentence was based on a Guidelines range subsequently lowered by the Sentencing Commission, see United States

2

v. Williams, 551 F.3d 182, 185 (2d Cir. 2009), we agree with the district court that it was not.

That conclusion finds support in two facts. First, Howell's recommended 360 months to life Guidelines range derived from a base level of 43 dictated solely by his involvement in the murder of a fellow gang member. See PSR ¶ 35; see also U.S.S.G. §§ 2D1.1(d)(1), 2A1.1, 2A1.2. In short, crack trafficking had no effect on his Guidelines range. Second, in rejecting Howell's application for a sentence reduction, the district court expressly stated that its 22-year sentence "did not derive from a guideline set by the Sentencing Commission," but rather was "the product of a plea negotiation." United States v. Howell, No. 04 CR 380 (SJ), 2012 WL 1802077, at *1 (E.D.N.Y. May 16, 2012). This was in reference to Howell's Rule 11(c)(1)(C) plea agreement, in which he and the Government agreed that a 22-year sentence was "the appropriate disposition of the case" under the factors set forth in 18 U.S.C. § 3553(a), regardless of the Guidelines calculation. Plea Agreement ¶ 2.

In these circumstances, we easily conclude that Howell was not sentenced pursuant to the subsequently modified Guidelines section applicable to crack cocaine offenses, or to any Guidelines. Rather, he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement that did not "expressly use[] a Guidelines sentencing range to establish the term of imprisonment." Freeman v. United States, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring in the judgment). Thus, the district court correctly concluded that Howell was not eligible for a sentence reduction pursuant to § 3582(c)(2). Cf. id. at 2695 (plurality

3

opinion) (holding that Rule 11(c)(1)(C) agreement will not foreclose availability of § 3582(c)(2) relief when sentence is based on the crack cocaine Guidelines).

In any event, the district court stated that, even if Howell were eligible for a reduction in sentence, it would decline to grant one, in light of "the seriousness of the non-crack related racketeering act (attempted murder of a police officer) committed by Howell." United States v. Howell, 2012 WL 1802077, at *1. That determination, like the original sentence, was well within the bounds of the district court's discretion.

We have considered Howell's remaining arguments on appeal and conclude that they are without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4