12-2262-cr
United States v. Michael King

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

             -v-                                                12-2262-cr

MICHAEL KING, AKA SCIENCE,[1]

                       *Defendant-Appellant*.

_____

Appearing for Appellant:     John A. Cirando, Syracuse, N.Y.


Appearing for Appellee:      Emily Berger, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*, Susan Corkery, Assistant United States Attorney, *of counsel*), Brooklyn, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Michael King appeals from a May 23, 2012, memorandum and order of the United States District Court for the Eastern District of New York (Glasser, *J.*) denying King's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, King contends that his sentence was erroneously entered because his participation in the distribution of crack cocaine was the focus of his sentencing and the district court therefore erred in determining that he was ineligible for a sentence reduction under Section 3582(c)(2). We review de novo a district court's determination of whether a sentence was "based on" a Guidelines range subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

Contrary to King's assertions, the record makes clear that he was sentenced based on an agreement, made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that took into account both of the racketeering offenses to which he allocuted in 1999, i.e., a conspiracy to shoot a member of a rival organization and a conspiracy to distribute cocaine and cocaine base. It is also undisputed that if King's sentence had been "based on" the applicable Guidelines, the sentence would have been for life, given that he pleaded guilty to a racketeering charge that involved the conspiracy to kill a member of a rival gang. *See* PSR ¶¶ 2, 51, 69.

King's Rule 11(c)(1)(C) agreement did not "expressly use[ ] a Guidelines sentencing range to establish the term of imprisonment," *see Freeman v. United States*, — U.S. —, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring in the judgment), and the district court clearly stated that its reason for imposing a twenty-year sentence was based on the Rule 11(c)(1)(C) agreement, and the government's requests, stated in a May 4, 1999 letter to the court, that the court depart downward from a life sentence. Thus, King's sentence cannot have been "based on" a sentencing range that has been subsequently lowered by the Commission. We affirm the district court's determination that King was not eligible for a sentence reduction under Section 3582(c)(2).

We have examined the remainder of King's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2