15-1723-cr
United States v. James (Francis)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                    15-1723-cr

Dexter Francis, AKA Christian Dexter, AKA Francis Dexter, AKA Andre Huskin, AKA Wayne Hoyt, AKA Allen Dale Moffett, AKA Jihad Muhammed, AKA Coolman, AKA Junks, AKA Juncks, AKA Michael Roberts,

> *Defendant-Appellant*.

_____

**FOR APPELLEE:**
Kevin Trowel, Emily Berger, Assistant United States Attorneys, United States Attorneys' Office for the Eastern District of New York, Brooklyn, NY

**FOR DEFENDANT-APPELLANT:** Dexter Francis, pro se, Coleman, FL.

Appeal from an order of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Dexter Francis, proceeding pro se, appeals the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and Amendment 782 to the U.S. Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels applicable to drug quantity calculations under U.S.S.G. § 2D1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 3582(c)(2), a district court may reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* We review de novo a district court's determination as to whether the defendant's sentence was "based on" a sentencing range that was subsequently lowered by the Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

Upon review we conclude that the district court properly determined that Francis was ineligible for a reduction pursuant to § 3582(c)(2). First, because Francis was sentenced pursuant to a statutory mandatory minimum term, his sentence was not "based" on a guidelines range that was subsequently lowered by Amendment 782. *See* U.S.S.G. § 1B1.10(a)(2)(B); *Williams*, 551

F.3d at 185. Second, Francis's offense level was based on the guideline for first degree murder, U.S.S.G. § 2A1.1, not on the drug quantity calculation under § 2D1.1; therefore, Amendment 782 "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

We have considered all of Francis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk