

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-1995

# USA v Hanlin

Precedential or Non-Precedential:

Docket 94-3498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"USA v Hanlin" (1995). *1995 Decisions.* Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-3498


UNITED STATES OF AMERICA

v.

PATRICK HANLIN,
COURTLY JAY MULLER,

Patrick Hanlin,

Appellant



Appeal from United States District Court
for the Western District of Pennsylvania
(D.C. No. 90-cr-00006-01E)



Argued on January 30, 1995

Before:  SCIRICA, ROTH AND SAROKIN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed February 23, 1995)

William P. Weichler, Esquire (Argued)
Ambrose, Friedman & Weichler
319 West 8th Street
Erie, PA   16502-1495
         Attorney for Appellant


Frederick W. Thieman
United States Attorney
Bonnie R. Schlueter (Argued)
Assistant U.S. Attorney
633 U.S. Post Office & Courthouse

Pittsburgh, PA    15219
         Attorneys for Appellee


                    OPINION OF THE COURT



ROTH, Circuit Judge:

         Patrick Hanlin ("Hanlin") appeals the district
court's denial of his motion for a reduction in sentence.  For
the reasons stated herein, the district court's judgment is
affirmed.

                              **I.**

         On February 27, 1990, a jury in the Western
District of Pennsylvania convicted Hanlin of:  (1) conspiracy to
distribute and possession with intent to distribute LSD, in
violation of 21 U.S.C. § 846; and (2) possession with intent to
distribute in excess of 10 grams of LSD, in violation of 21
U.S.C. § 841(a)(1) and 841(b)(1)(A)(v).  Hanlin's offense
involved 24.448 grams of a blotter paper/LSD mixture or, as
alternatively quantified, 3354 dosage units of LSD.  At his
original sentencing, the district court determined that the
proper weight of the LSD for sentencing purposes was the weight
of the pure LSD (3354 LSD dosage units x .05 milligrams per
dosage unit[1] = 167.7 mgs of LSD) rather than the combined weight

---

    1    The Drug Enforcement Administration has determined that
the  standard  dosage  unit  of  pure  LSD  is  0.05  mgs  per  dose.
U.S.S.G. § 2D1.1, comment. (backg'd).

of the LSD plus the paper carrier medium.  Based upon this finding, the district court sentenced Hanlin to two terms of 30 months of imprisonment, to run concurrently, three years of supervised release, and a $50 special assessment on each count of conviction.

Both parties appealed.  Hanlin challenged the sufficiency of the evidence to sustain his conviction, and the government challenged the district court's decision to use the weight of the pure LSD, rather than the combined weight of the LSD and the paper carrier medium.

On July 15, 1991, in an unpublished opinion, this Court vacated Hanlin's sentence and remanded the case to the district court for resentencing in accordance with the Supreme Court's decision in Chapman v. United States, 500 U.S. 453, 111 S. Ct. 1919 (1991).  See United States v. Hanlin, Nos. 90-3616, 90-3688, 90-3689 & 90-3706 (3d Cir. July 15, 1991).  The Chapman decision dictates that the weight of the blotter paper, upon which LSD is found, must be included when determining the appropriate sentence for trafficking in LSD under 21 U.S.C. § 841(b)(1).

Applying the Chapman decision, the district court determined the weight of the LSD/paper combination to be 24.448 grams and, accordingly, sentenced Hanlin to 120 months on both counts of conviction, to run concurrently, two three-year terms of supervised release, and a special assessment of $50 on each count of conviction.  App. 66-69.  The court was constrained to impose the 120-month sentence because 21 U.S.C. § 841(b)(1)(A)(v)

mandates a minimum ten-year sentence for a person convicted of possession with intent to distribute in excess of 10 grams "of a mixture or substance containing a detectable amount of" LSD, and Hanlin had been in possession of 24.448 grams of such a LSD/paper "mixture."

On March 31, 1994, Hanlin filed the present motion for a reduction of sentence, relying on the amendment to Guideline § 2D1.1(c) ("Amendment 488"), effective as of November of 1993. The amended guideline, in an explicatory footnote, provides:

> In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table.

U.S.S.G. § 2D1.1(c).

The Sentencing Commission chose the 0.4 mg per dose approach in the hope of alleviating "unwarranted disparity among offenses involving the same quantity of actual LSD (but of different carrier weights)" and to bring sentences for LSD in line proportionately with sentences involving other more dangerous controlled substances, such as PCP. U.S.S.G. App. C, amend. 488. Although the Drug Enforcement Administration's standard dosage unit for pure LSD is 0.05 mg, the Sentencing Commission chose to use 0.4 mg per dosage weight in order to assign some weight to the carrier medium. Id. The Commission did this in recognition that: (1) "offense levels for most other controlled substances are based upon the weight of the mixture

containing the controlled substance without regard to purity;" and (2) the Chapman decision holds that "the term `mixture or substance' in 21 U.S.C. § 841(b)(1) includes the carrier medium in which LSD is absorbed." Id.

In his motion for a reduction of sentence, Hanlin asserted that Amendment 488 created a conflict between the Sentencing Guidelines and the Supreme Court's interpretation in Chapman of 21 U.S.C. § 841(b)(1), which imposes the mandatory minimum sentence. Particularly, Hanlin pointed out that, if the court were to calculate the weight of the LSD involved in his offense under Amendment 488 (3354 dosage units x 0.4 mgs per dosage unit = 1341.6 mgs or 1.34 grams of LSD), he would not be subject to the 10-year mandatory minimum sentence under § 841(b)(1). He claimed that he must be resentenced in accordance with the weight calculation of Amendment 488; otherwise, his rights to due process and equal protection would be violated.

The Government responded to Hanlin's motion, asserting that the district court must comply with the holding of Chapman, which requires the entire weight of the carrier medium (i.e., blotter paper) to be included in the weight measurement applicable to determine the mandatory minimum sentence under § 841(b)(1). The Government further pointed out that the Commentary to § 2D1.1(c), as modified by Amendment 488, provides that, in spite of the new 0.4 mg dosage weight allocated to LSD, "this approach does not override the applicability of `mixture or substance' for the purpose of applying any mandatory minimum sentence (see Chapman; § 5G1.1(b))." U.S.S.G. § 2D1.1, comment.

(backg'd).  Thus, the Government concluded that Hanlin's motion for a reduction of sentence should be denied.

On August 19, 1994, the district court denied Hanlin's motion, reasoning that the commentary to § 2D1.1 (quoted above) contradicts Hanlin's contention that the court must use Amendment 488's weight calculation for purposes of the mandatory minimum sentence statute.  App. 97-99.  This appeal followed. Applying the plenary standard of review, we affirm.

## II.

Hanlin argues that the district court erred, in determining his eligibility for a mandatory minimum sentence, by employing the "entire weight" approach adopted by the Supreme Court in Chapman rather than calculating the weight of the LSD pursuant to amended § 2D1.1(c).[2]  Although it might be sensible to use only one weight calculation method under both 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1(c), it appears that neither the Sentencing Commission nor Congress, when it permitted the 1993 amendments to take effect in November 1993, had that intent.

In Chapman, the Supreme Court held that "it is the weight of the blotter paper containing LSD, and not the weight of the pure LSD, which determines eligibility for the minimum sentence" under § 841(b)(1) of Title 21.  500 U.S. at 455; 111 S. Ct. at 1922.  In reaching this conclusion, the Court reasoned

---

[2]  The amendment to Guidelines § 2D1.1(c) is applicable retroactively within the discretion of the district court.  See U.S.S.G. § 1B1.10; 18 U.S.C. § 3582(c)(2); see also United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994).

that, because the statute refers to the weight of a "mixture or substance containing a detectable amount" of LSD, so long as the blotter paper/LSD "mixture or substance" does contain a detectable amount of LSD, the "<u>entire</u> mixture or substance is to be weighed when calculating the sentence." <u>Id.</u> at 459; 111 S. Ct. at 1924 (emphasis added). In addition, the Court noted that Congress has treated other drugs, <u>e.g.,</u> PCP and methamphetamine, differently by basing mandatory minimum sentences either upon the weight of the mixture or substance containing a detectable amount or upon a lower weight of the pure drug. The Court reasoned that Congress's failure to provide a similar net weight of pure drug alternative for LSD indicates its intent that courts use the gross weight of the mixture or substance. <u>Id.</u>

The Court found further support for its "entire weight" approach in the fact that the present mandatory minimum penalties for LSD originated from the 1986 Anti-Drug Abuse Act in which "Congress adopted a `market-oriented' approach to punishing drug trafficking." <u>Id.</u> at 460-61; 111 S. Ct. at 1925. The Court noted that Congress's market approach relied upon the total quantity of the drug distributed -- cut or uncut -- rather than upon the purity of the drug. <u>Id.</u> at 461; 111 S. Ct. at 1925. The Court explained that this approach was motivated by Congress's recognition that retail traffickers are the ones who keep the street markets going and, therefore, should not be punished less severely than their higher-ups even though they deal in smaller quantities of the pure drug. <u>Id.</u>

Although the Guidelines paralleled the language in the mandatory minimum statute at the time Chapman was decided, id. at 457, 111 S. Ct. at 1923, and Amendment 488 changed that parallel language by adopting the 0.4 mg per dose approach, the amendment did not invalidate the holding of Chapman. To the contrary, the amended language expressly excluded the use of the 0.4 mg approach in determining the applicability of statutory mandatory minimum sentences. Moreover, all the Circuits that have addressed this issue have so found. See United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994); United States v. Mueller, 27 F.3d 494, 496-97 (10th Cir. 1994); United States v. Boot, 25 F.3d 52, 55 (1st Cir. 1994); United States v. Tucker, 20 F.3d 242, 244 (7th Cir. 1994) (analogizing penalties for cocaine base to those for LSD).[3] We conclude that Amendment 488 neither invalidated nor implicitly overruled the Supreme Court's holding in Chapman.

Furthermore, Hanlin's mandatory minimum sentence would not be affected by a lesser sentence that might be computed under the Sentencing Guidelines. As already stated, Amendment 488 specifically provides that the 0.4 mg approach "does not override the definition of mixture or substance for the purposes of applying any mandatory minimum sentence (see Chapman; §

_____

[3] In United States v. Stoneking, 34 F.3d 651, 652 (8th Cir. 1994), the court held that the statutory mandatory minimum sentence is determined by weight of LSD, as provided by Amendment 488's 0.4 mg per dose approach. However, the Eighth Circuit vacated the panel opinion and judgment in Stoneking and the case was set for oral argument before the court en banc on December 6, 1994.

5G1.1(b))." U.S.S.G. § 2D1.1, comment. (backg'd). In addition, Guideline § 5G1.1(b) specifies that a statutorily required minimum sentence shall be the guideline sentence where that mandatory sentence is greater than the maximum of the guideline range. Therefore, Hanlin's 10-year mandatory sentence, calculated on a drug amount which includes the gross weight of the mixture, takes precedence over any lesser Guidelines' sentencing range.

Indeed, even if the Sentencing Commission had intended the 0.4 mg per dose approach to be used in conjunction with the mandatory minimum statute, Chapman would still control. The Supreme Court in Chapman specifically stated that "[s]o long as it contains a detectable amount [of LSD], the entire mixture or substance is to be weighed when calculating the sentence." Chapman, 500 U.S. at 459; 111 S. Ct. at 1924 (emphasis added). The 0.4 mg approach adopted in Amendment 488 does not allow for the entire weight of the mixture to be used in calculating the defendant's sentence and, therefore, conflicts with Chapman if applied to the mandatory minimum statute. See United States v. Tannis, 942 F.2d 196, 198 (3d Cir. 1991) (guidelines cannot supersede statute). In sum, as the First Circuit noted in Boot, 25 F.3d at 55, until Congress or the Supreme Court revisits the issue, two different formulas will be used for calculating LSD quantity--one for statutory mandatory minimums and another for Guidelines sentencing range purposes. The superior formula is the Guidelines' formula because it recognizes that weighing the entire carrier medium produces unwanted disparity among offenses

involving the same quantity of LSD but different carrier weights, as well as among sentences for other more dangerous drugs; the formula of 0.4 mg per-dose correctly assigns some weight to the carrier medium, and recognizes that LSD is sold by dosage rather than weight.  However, until Congress expresses a desire to coordinate the calculation of LSD quantity under the Guidelines and 21 U.S.C. § 841(b)(1), we are bound by the Supreme Court's Chapman formula which requires that the entire carrier medium be weighed for minimum mandatory sentencing purposes.[4]

### III.

In conclusion, we hold that Chapman governs the definition of "mixture or substance" for purposes of conviction and sentencing under 21 U.S.C. § 841(b)(1) and requires that the entire weight of the carrier/LSD mixture be used in calculating the drug amount.  Thus, even if Hanlin's Guidelines' sentencing range might be reduced by application of Amendment 488, the 10-year sentence, imposed on Hanlin, would not be affected because Hanlin remains subject to the mandatory minimum sentence provided for by 21 U.S.C. § 841(b)(1) and Chapman.  Accordingly, we affirm the district court's denial of Hanlin's motion for a reduction of sentence.

---

[4]  We find Hanlin's other arguments, that application of the mandatory minimum sentence violated his right to due process and that the rule of lenity required the LSD involved in his conviction be weighed pursuant to amended § 2D1.1, to be without merit.