

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# USA v. Javier Hart

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Javier Hart" (2009). *2009 Decisions.* Paper 1296.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1296

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2031

_____

UNITED STATES OF AMERICA

v.

JAVIER HART,

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 2-03-cr-00827-001

(District Judge: The Honorable Mary A. McLaughlin)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2009

Before: McKEE and SMITH, *Circuit Judges*, and STEARNS[*], *District Judge*.

(Filed: May 28, 2009)

_____

[*] Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

Javier Hart appeals the district court's order denying his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). In addition, Hart requests that an attorney be appointed for him on appeal. For the reasons that follow, we will affirm the district court's order and deny Hart's request for counsel.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. We exercise plenary review of the decision to deny a reduction in sentence based on a retroactive guideline amendment. *United States v. Hanlin*, 48 F.3d 121, 124 (3d Cir. 1995).

Hart argues that because Amendment 706 of the Sentencing Guidelines lowered the base offense levels applicable to the crack cocaine offenses for which he was convicted, he is entitled to a reduction in his sentence. He relies on U.S.S.G. § 1B1.10(a)(1), which states: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an adjustment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) . . . . [A]ny such reduction in the defendant's term of imprisonment shall be consistent with this

policy statement."

However, U.S.S.G. § 1B1.10(a)(2) is fatal to Hart's argument. It states that a reduction in sentence is "not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

This is precisely the situation here. Hart received a mandatory life sentence based on his prior drug convictions as required under 21 U.S.C. § 841(b)(1)(A). The change in the Guidelines can not alter statutorily mandated sentences. *See United States v. Hanlin*, 48 F.3d 121, 125 (3d Cir. 1995) (holding that a mandatory sentence takes precedence over any lesser Guidelines sentencing range). Therefore, the district court did not err in denying Hart's motion to reduce his sentence. Accordingly, we also conclude that Hart's motion for an attorney has no merit.

Generally speaking, a defendant does not have a right to counsel beyond the first direct appeal of a criminal conviction. *Ross v. Moffit*, 417 U.S. 600, 610 (1974). Therefore, a defendant is not entitled to be represented by counsel in a § 3582(c)(2) motion. *See United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) ("[T]here is no right to counsel when bringing a motion under § 3582(c)(2).").

For all of the above reasons, we will affirm the order of the district court.