09-3240-cr
USA v. Torres (Sonds)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

Present:

>ROBERT A. KATZMANN,
>PETER W. HALL,
>>*Circuit Judges*,
>JOHN GLEESON,[*]
>>*District Judge*.

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                              No. 09-3240-cr

CESAR TORRES, JUAN MATOS, JOSE HARKLESS, RUTHIE TORRES, ALBA CASTILLO, EVELIN MAISONET, ALPHONSO TORRES, CARLOS MATOS, JAIME MATOS, JULIO MATOS, VICTOR L. MATOS, DARRIN NURSE, NOEL TORRES, DEVALE GRIFFIN,

>*Defendants*,

REGINALD SONDS,

────────────

[*]  The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

*Defendant-Appellant.*[**]

_____

For Defendant-Appellant:   David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY

For Appellee:      Gina M. Parlovecchio, Emily Berger, Assistant United States Attorneys *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY


  Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

  Defendant-appellant Reginald Sonds pleaded guilty in the district court to conspiracy to distribute and possess with intent to distribute crack cocaine.  The district court calculated his sentencing range under the United States Sentencing Guidelines to be 97 to 121 months' imprisonment.  The district court then noted that because it found that more than 50 grams of crack were involved in Sonds' case, a statutory mandatory minimum of 10 years' imprisonment applied under 21 U.S.C. § 841(b).  Accordingly, the district court sentenced Sonds to 10 years' imprisonment.

  Following Sonds' conviction, the United States Sentencing Commission instituted a two-level, retroactive reduction to the Guidelines offense level for crack cocaine offenses covered by U.S.S.G. § 2D1.1.  *See generally United States v. Main*, 579 F.3d 200, 202 (2d Cir. 2009).  Sonds then moved in the district court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

_____

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

-2-

has subsequently been lowered by the Sentencing Commission." The district court denied Sonds' motion on the ground that Sonds' sentence was not based on the Sentencing Guidelines' range, but was rather based on the statutory mandatory minimum.

We agree with the district court that Sonds' sentence was not based on the amended crack cocaine offense levels. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009) (holding that once a mandatory minimum applies, it subsumes and displaces the otherwise applicable Guidelines range and the sentence is no longer based on the Guidelines range). Accordingly, we hold that defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Sonds also contends that the district court erred in treating U.S.S.G. § 1B1.10(b) as binding and improperly imposed a mandatory minimum sentence at the time Sonds was originally sentenced based solely on facts found by a judge rather than a jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The proceedings we are reviewing at this time, however—sentence reduction proceedings under § 3582(c)(2)—do not constitute a full resentencing; they permit a court only to substitute the amended guideline provision for the former provision. U.S.S.G. § 1B1.10(a)(3), (b)(1); *see Dillon v. United States*, ---U.S.---, 130 S. Ct. 2683, 2687 (2010) (holding that the Court's decision in *United States v. Booker* does not apply to § 3582(c)(2) proceedings and therefore does not require treating U.S.S.G. § 1B1.10(b) as advisory). Sonds' arguments in this respect are thus unavailing.

We have reviewed Sonds' remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK