09-2509-cr
United States v. Henderson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of   October, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    No. 09-2509-cr

OLANJE J. CARPENTER, ALSO KNOWN AS SEALED DEFT. 2, ALSO KNOWN AS CARPENTER J. OLANJE, SHANE D. MYERS, ALSO KNOWN AS SEALED DEFT. 3, ANTHONY HENDERSON, ALSO KNOWN AS SEALED DEFT. 4, DORAIN C. HOWARD JR., CARL J. MARSHALL III, ALSO KNOWN AS CJ, MICHAEL A. NEMBHARD, ALSO KNOWN AS BIG MIKE, ALSO KNOWN AS SEALED DEFT. 1, ALSO KNOWN AS MICHAEL JOHNSON,

> *Defendants,*

MARVIN E. HENDERSON, ALSO KNOWN AS SEALED DEFT. 1,

> *Defendant-Appellant*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR DEFENDANT-APPELLANT:**          Stephanie M. Carvlin, New York, NY.

**FOR GOVERNMENT-APPELLEE:**          Paul D. Silver, Assistant United States
                                      Attorney for the Northern District of New
                                      York (Richard S. Hartunian, United States
                                      Attorney, *on the brief*, Grant C. Jaquith, *of
                                      counsel*), Albany, NY.


        Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*).


        **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


        Defendant-Appellant Marvin Henderson ("defendant") appeals from the June 5, 2009 final order of the United States District Court for the Northern District of New York denying his motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2).[1]  We assume the parties' familiarity with the facts and procedural history of this action.


        We review a question of statutory interpretation *de novo.  See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).


        "A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007).  An exception is available, however, under § 3582(c)(2), when the Sentencing Commission amends the United States

---

        [1] Section 3582(c)(2) reads, in relevant part:

>        [A district court] may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 § U.S.C. 994(o), [or] upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Sentencing Guidelines.[2] "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, ___U.S.___, 130 S.Ct. 2683, 2691 (2010); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). In determining whether an amended guideline range would have been applicable to the defendant if the amendment had been in effect at the time of sentencing, "the court shall substitute only the amendments [listed in U.S.S.G. § 1B1.10(c)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

District courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory mandatory minimum sentence. *See Williams*, 551 F.3d at 186 (noting that the Sentencing Commission's policy statement prohibits sentence reductions if the amendment "'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum* term of imprisonment)'" (quoting U.S.S.G. § 1B1.10, application note 1, subsection 1(a) (emphasis added))). The District Court correctly concluded that, under *Williams*, it could not modify defendant's sentence under § 3582(c)(2) following the 2007 amendments of the crack-cocaine sentencing guidelines, because it had imposed a statutory mandatory minimum sentence.

We also reject defendant's claim that his statutory mandatory minimum sentence can be modified under § 3582(c)(2) following the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). It is clear that the rule of *Apprendi* is not an amendment promulgated by the Sentencing Commission and thus cannot be considered an amendment for § 3582(c)(2) purposes. If we allowed a § 3582 motion for sentence reduction on *Apprendi* grounds, we would violate the letter and spirit of the statute. This judgment is consistent with *United States v. Mock*, 612 F.3d 133 (2d Cir. 2010), in which we held that § 3582(c)(2) does not provide a basis for this Court or a district court to hear a claim that procedural error occurred at a defendant's original sentencing. It is also consistent with the judgment of all other Courts of Appeals that have reached this issue with regard to an *Apprendi* challenge. *See United States v. Lafayette*, 585 F.3d 435, 439 (D.C. Cir. 2009) ("[T]he proper vehicle for [defendant's] . . . *Apprendi* arguments is a petition under 28 U.S.C. § 2255."); *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009) ("[W]e . . . reject [defendant's] argument that the mandatory minimum could be avoided on resentencing [pursuant to § 3582(c)(2)] due to the operation of [*Apprendi*]."); *United States v. McBride*, 283 F.3d 612, 616 (3d Cir. 2002) (finding that defendant's

---

[2] Under Section 994(o), "[t]he [Sentencing] Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines." 28 U.S.C. § 994(o).

3

"*Apprendi* argument was independent of and unrelated to any change in the Guidelines and was, therefore, outside the scope of a sentence modification under § 3582"); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (observing that defendant's *Apprendi* challenge is "not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines").

## **CONCLUSION**

The judgment of the District Court as to all claims is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court