**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1699

_____

UNITED STATES OF AMERICA

v.

MICHAEL NIXON,
                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 93-cr-00386-004)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2012

Before:  JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed:  October 2, 2012)

_____

OPINION

_____

PER CURIAM.

In 1994, a jury in the United States District Court for the Eastern District of

Pennsylvania convicted Michael Nixon of conspiracy to distribute in excess of 50 grams

of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the District Court

determined that Nixon was responsible for the distribution of between 1.5 and 4.8 kilos of

crack cocaine. With a total offense level of 44 and a criminal history category of VI, Nixon's guidelines sentencing range called for life imprisonment, which is the sentence that the District Court imposed. This Court affirmed on direct appeal. The District Court later denied Nixon's collateral review motion under 28 U.S.C. § 2255.

In 2001, Nixon filed the first of four motions seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] His first motion invoked Amendment 591. The District Court held that this amendment reduced Nixon's total offense level from 44 to 43, but because Nixon's guidelines sentencing range remained life imprisonment, the Court denied relief.

In 2005, Nixon filed motion number two, seeking relief in light of United States v. Booker, 543 U.S. 220 (2005). The District Court denied the motion.

In 2008, Nixon's third § 3582(c)(2) motion invoked Amendment 706, which reduced the base offense levels for many crack offenses and was made retroactive. The District Court concluded that Amendment 706 lowered Nixon's total offense level to 41, and reduced his guidelines sentencing range to 360 months to life imprisonment. The District Court granted relief and reduced Nixon's sentence to 360 months in prison.

In 2012, Nixon filed his fourth § 3582(c)(2) motion, which is the subject of this appeal. Nixon, with the assistance of counsel, invoked Amendment 750, which reduced the base offense levels for most crack offenses in light of the Fair Sentencing Act of 2010

---

[1] Section 3582(c)(2) is "a statutory provision enacted to permit defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are met." Freeman v. United States, 131 S. Ct. 2685, 2690-91 (2011) (plurality opinion).

and was made retroactive effective November 1, 2011. The government argued that Amendment 750 does not lower Nixon's sentencing range below 360 months to life imprisonment, and therefore provides no basis for relief. The District Court agreed and denied the § 3582(c)(2) motion. It explained that, under Amendment 750, Nixon's total offense level is lowered to 39, but with a criminal history category of VI, his guidelines sentencing range remains 360 months to life. Nixon timely filed this pro se appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Exercising plenary review, see United States v. Hanlin, 48 F.3d 121, 124 (3d Cir. 1995), we will affirm. As the District Court correctly explained, Nixon's guidelines sentencing range is not lowered under Amendment 750; it remains 360 months to life imprisonment. Because a sentence reduction cannot be afforded when a retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), the District Court properly denied Nixon's § 3582(c)(2) motion. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010) ("A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."); United States v. Doe, 564 F.3d 305, 314 (3d Cir. 2009) ("The language of § 3582(c)(2) could not be clearer: the statute predicates authority to reduce a defendant's sentence on consistence with the policy statement, and the policy statement provides that a reduction is not consistent if the amendment does not have the effect of lowering the defendant's applicable Guideline range.").

In his brief on appeal, Nixon points to no error in the District Court's analysis, and in fact he appears to concede that the District Court was correct in its application of Amendment 750. See Reply Br. at 2. Nixon argues instead that he is entitled to relief due to alleged "jurisdictional defects" in his case, claiming that, once those defects are remedied, he will be entitled to relief under Amendment 750.[2] Nixon also claims that he was prejudiced by the alleged ineffectiveness of his counsel in this proceeding and in the 2008 proceeding under § 3582(c)(2).

We agree with the government that Nixon's failure to raise these new arguments before the District Court precludes their consideration on appeal. See, e.g., Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000) (observing that generally "issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts"). In any event, as the government also correctly explains in its brief, Nixon's various arguments afford no basis for relief under the limited remedy made available to defendants in a § 3582(c)(2) proceeding.

For these reasons, we will affirm the District Court's judgment.

---

[2] Nixon's primary assertion is that the jury, not the District Court, had to make findings of fact regarding drug quantity and to support the various enhancements applied at his sentencing proceeding, and that the sentence, therefore, violates United States v. Booker, 543 U.S. 220 (2005), and its progeny. It is settled, however, that Booker does not apply retroactively to cases, like Nixon's, that became final prior to issuance of the Booker decision. See Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005). Moreover, we have held that "the constitutional holding in *Booker* does not apply to § 3582(c)(2)." United States v. Doe, 564 F.3d 305, 313 (3d Cir. 2009). Nixon's arguments based on Booker are therefore misplaced.