**UNITED STATES of America,**

v.

**Frank TEJEDA, Defendant.**

**No. 07 Cr. 502.**

United States District Court,
S.D. New York.

Oct. 7, 2013.

Rua M. Kelly, U.S. Securities and Exchange Commission, Boston, MA, for United States of America.

James Cohen, Fordham Law Clinic, Jennifer L. Brown, Federal Defenders of New York Inc., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Frank Tejeda ("Tejeda") filed a letter motion (Dkt. No. 105) on July 1, 2013 seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) (" § 3582(c)(2)"). The Government filed a response in opposition (Dkt. No. 106) on July 31, 2013, and Tejeda filed a reply (Dkt. No. 107) on August 7, 2013.

For the reasons discussed below, Tejeda's motion is **DENIED**.

### I. BACKGROUND

On November 7, 2007, a jury found Tejeda guilty of 1) distribution and possession with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and 2) conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 846. Prior to Tejeda's conviction, on October 26, 2007, the Government filed a prior felony information charging that Tejeda was "subject to the enhanced penalties" of 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) based on his 1998 conviction in New York County Criminal Court of attempted criminal sale of a controlled substance in the third degree. (Dkt. No. 28.)

On April 18, 2008, the Court sentenced Tejeda in this case to a term of imprisonment of 240 months, the then-applicable statutory mandatory minimum sentence. Tejeda appealed on the basis that he was

not afforded the opportunity to address the Court during his sentencing hearing, and the Second Circuit Court of Appeals remanded the case back to the Court on this ground.

Before the Court re-sentenced Tejeda, the parties entered into a stipulation (the "Stipulation") under which Tejeda admitted to 1) conspiring to distribute and to possess with the intent to distribute approximately 100 grams of crack cocaine, and 2) aiding and abetting the substantive distribution and possession with intent to distribute approximately 100 grams of crack cocaine. The Stipulation also provided that the Government agreed to move the Court for an order *nolle prosequi* of the October 26, 2007 prior felony information, a move that reduced the then-applicable statutory mandatory minimum from 240 months to 120 months. (Dkt. No. 105 Ex. A at ¶¶ 1–2.) Further, Tejeda agreed that he would "not appeal or collaterally attack in any way … any sentence within or below the applicable sentencing Guidelines Range of 120 to 135 months," (*id.* at ¶ 3), and the Government similarly agreed not to appeal any sentence within or above that range (*id.* at ¶ 4).

Another development transpired after Tejeda's appeal that impacted his re-sentencing as well as the instant proceedings: Congress enacted the Fair Sentencing Act of 2010 (the "FSA"), Pub.L. No. 111–222, 124 Stat. 2372, which altered the threshold quantities of crack cocaine that trigger statutory minimum sentences applicable to violations of 21 U.S.C. § 841(b)(1)(A). Tejeda moved the Court for retroactive application of the FSA, which would reduce the applicable minimum sentence from 120 to 60 months. The Court, follow-ing what it construed as then-controlling precedent, denied Tejeda's motion. (Dkt. No. 92.)

On January 28, 2011, the Court re-sentenced Tejeda to a term of imprisonment of 120 months. At that hearing, the Court reiterated its findings that the weight of authority dictated that the FSA did not apply retroactively to Tejeda, and that he was subject to a statutory mandatory minimum sentence of 120 months. (*See* Dkt. No. 105 Ex. B at pp. 10–11.) The Court initially found that, pursuant to the pre-sentence investigation report, Tejeda's recommended Guidelines range amounted to 108 to 135 months. (*Id.* at p. 9.) However, after Tejeda's counsel raised a concern over potential confusion by the Bureau of Prisons over the Guidelines range (*see id.* at p. 15), the Court, without objection by the Government, ultimately addressed the technicality Tejeda had raised and accommodated his request. Accordingly, the Court revised its earlier finding and determined that the proper sentencing range amounted to 70 to 87 months (*see id.* at p. 17). Nonetheless, the Court imposed a sentence of 120 months because it continued to find that the mandatory minimum still applied, though it produced a sentence higher than the revised Guidelines computation.[1] This understanding and intent are clear, for otherwise the 120–month sentence would have exceeded the Guidelines range without any explicit explanation by the Court as to why the circumstances warranted such a significant upward variance above the Guidelines range.

Tejeda subsequently filed his letter motion seeking a sentence reduction under § 3582(c)(2), arguing principally that the Court should reconsider its prior sentence

---

1. In addition, the non-public statement of reasons contained in the Amended Judgment filed on January 31, 2011 further confirms the Court's intention to impose the statutory man-datory minimum sentence of 120 months, and the Court's understanding that this mandatory minimum effectively displaced the applicable Guidelines range of 70 to 87 months.

in light of the United States Supreme Court decision in *Dorsey v. United States,* — U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), which requires retroactive application of the more lenient sentencing structure provided for by the FSA.

## II. *LEGAL STANDARD*

■ "A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007). The exceptions to this rule are outlined in § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The text of the statute, "together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010).

## III. *DISCUSSION*

The success of Tejeda's motion hinges on 1) whether he has waived his right to challenge his sentence under § 3582(c)(2) by the terms of the Stipulation, and 2) whether he meets the criteria for a sentence reduction under § 3582(c)(2). The Court addresses each question in turn.

## A. TEJEDA IS NOT PRECLUDED FROM SEEKING A SENTENCE REDUCTION UNDER § 3582(c)(2)

■ As a threshold matter, the Court must determine whether Tejeda waived his ability to challenge his sentence under § 3582(c)(2) by the terms of the Stipulation. In its opposition, the Government argues that Tejeda's motion "at least falls outside the spirit of the parties' stipulation, which clearly reflects a desire for repose and an understanding that there would be no further sentencing reductions or requests therefor[.]" (Dkt. No, 106 at pp. 1–2.) The Government specifically highlights language in the Stipulation providing that Tejeda agreed to "not appeal or collaterally attack in any way" his conviction or sentence within or below the applicable Guidelines range. (Dkt. No. 105 Ex. A at ¶ 3.)

In contrast, Tejeda asserts that the plain language of the Stipulation allows for a sentence reduction motion under § 3582(c)(2). Tejeda argues that a § 3582(c)(2) motion is not an appeal or collateral attack because a § 3582(c)(2) motion does not dispute a sentence, but rather highlights a change to the Guidelines that permits a sentence reduction. (*See* Dkt. No, 105 at pp. 6–7.) In addition, Tejeda notes that the Stipulation does not contain a specific waiver of the right to seek a § 3582(c)(2) sentence reduction. Tejeda claims that the Government could have explicitly prohibited an appeal under § 3582(c)(2), as it barred appeals under 28 U.S.C. § 2255 and/or § 2241, but it failed to do so.

■ Tejeda's argument prevails because the terms of a waiver of the important right to an appeal are closely scrutinized. *See United States v. Rosa,* 123 F.3d 94, 98 (2d Cir.1997) ("[W]e have held that the right to appeal serves important interests of both the criminal defendant and of the

public at large, so that waivers of that right must be closely scrutinized and applied narrowly."). Here, the Stipulation does not specifically preclude a § 3582(c)(2) sentence reduction. Notably, by contrast, other agreements recently considered by courts in this jurisdiction expressly included § 3582(c)(2) within their ambit. *See, e.g., United States v. Sun,* Nos. 09 Cr. 778, 12 Civ. 4776, 2013 WL 1947282, at *1 (S.D.N.Y. May 8, 2013) (plea agreement precluded defendant from challenging sentence under "direct appeal" or "collateral challenge," or "seek a sentence modification pursuant to ... Section 3582(c)"); *United States v. Harrison,* No. S5 09 Cr. 765, 2013 WL 2096602, at *1 (S.D.N.Y. May 13, 2013) (same). This highlights the Government's capability and willingness to make explicit what it seeks to have the Court find by mere implication in this case. The Court declines to do so and finds instead that Tejeda did not waive his right to seek a sentence reduction under § 3582(c)(2).

## B. TEJEDA IS NOT ELIGIBLE FOR A SENTENCE REDUCTION UNDER § 3582(c)(2)

█ Tejeda argues that the Court may reduce his sentence under § 3582(c)(2) because he meets both of the necessary criteria outlined in the text of the statute: 1) his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and 2) a reduction in this case would be "consistent with applicable policy statements issued by the Sentencing Commission." The Court need not address the second prong of this test because it finds that Tejeda does not satisfy the first one.

Tejeda's sentence of 120 months imprisonment was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as

§ 3582(c)(2) requires. Simply put, Tejeda's argument that his sentence "was both based on and within the applicable Guidelines range of 108–135 months" is based on a mistake of fact. (Dkt. No. 105 at p. 3.) While the Court initially agreed with the presentence investigation report that the applicable Guidelines range was in fact 108 to 135 months, it specifically revised those findings and applied a sentencing range of 70 to 87 months—the same Guidelines range that Tejeda argues should now apply. (*See* Dkt. No. 105 Ex. B at p. 17 ("In light of [defense counsel's] representation that there is some potential difficulty with the Bureau of Prisons having the transcript indicate the proper or the exact computation of the guidelines, I will revise my earlier finding, and determine that the offense level here amounts to 26, Criminal History Category of II, and that yields a sentencing range of 70 to 87 months.").)

This revised finding by the Court is significant because it establishes that the sentence of 120 months imprisonment was not "based on" a sentencing range because the entirety of the applicable range fell below the statutory mandatory minimum. Instead, the statutory mandatory minimum of 120 months imprisonment "subsume[d] and displace[d] the otherwise applicable guideline range." *United States v. Williams,* 551 F.3d 182, 185 (2d Cir.2009) (internal citation and quotation omitted). Because the Court applied the 70 to 87 month Guidelines range, it simply is not the case, as Tejeda argues, that the sentence was "based on" a sentencing range because the statutory mandatory minimum merely displaced the bottom end of the applicable Guidelines range of 108 to 135 months. (*See* Dkt. No. 105 at p. 15.) Tejeda's attempts to distinguish *Williams* and *United States v. Rivas,* 808 F.Supp.2d 603 (S.D.N.Y.2011), are likewise unavailing in light of this Court's application of a

Guidelines range subsumed by the statutory mandatory minimum.

The fact that the statutory mandatory minimum fell above, rather than within, the applicable Guidelines range removes this case from the ambit of § 3582(c)(2) and limits the Court's ability to reduce Tejeda's sentence. The Second Circuit Court of Appeals has clearly held that "[d]istrict courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory mandatory minimum sentence." *United States v. Carpenter,* 396 Fed.Appx. 743, 744 (2d Cir.2010) (holding that the district court in that case correctly concluded that it could not modify a defendant's statutory mandatory minimum sentence under § 3582(c)(2)); *see also United States v. Torres,* 391 Fed.Appx. 903, 905 (2d Cir.2010) (holding that defendant is not eligible for sentence reduction under § 3582(c)(2) where sentence was based on statutory mandatory minimum); *Williams,* 551 F.3d at 185 ("Once the mandatory minimum applied, [defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'") (*quoting* 18 U.S.C. § 3582(c)(2)).

While this case illustrates perhaps better than most the ragged contours of the outer boundary of eligibility under § 3582(c)(2), Second Circuit precedent dictates the Court's conclusion that Tejeda does not meet the criteria for a sentence reduction. *See, e.g., United States v. Davis,* No. 09 Cr. 765, 2013 WL 1793954, at *1 (S.D.N.Y. Apr. 24, 2013) (*citing Carpenter* and holding that "Section 3582 is inapplicable because Defendant was sentenced to a statutory mandatory minimum sentence"); *Rivas,* 808 F.Supp.2d at 603–04 (*citing Williams* and denying reduction where sentence was based on statutory

mandatory minimum and not a sentencing range).

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of (Docket No. 105) defendant Frank Tejeda for a sentence reduction under 18 U.S.C. § 3582(c)(2) is **DENIED.**

**SO ORDERED**