**UNITED STATES of America,**

v.

**Javier SANCHEZ, Defendant.**

**No. 07 Cr. 502.**

United States District Court,
S.D. New York.

Signed April 7, 2015.

Rua M. Kelly, U.S. Securities and Exchange Commission, Boston, MA, for United States of America.

Donald Joseph Yannella, III, Donald Yannella P.C., New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

On October 29, 2007, defendant Javier Sanchez ("Sanchez") pleaded guilty to one count of distribution and possession with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 846. (Dkt. Minute Entries dated October 29, 2007.) This Court sentenced Sanchez to one hundred twenty (120) months imprisonment, followed by five (5) years supervised release. (*See* Dkt. Minute Entry dated May 23, 2008.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

On September 9, 2014, Sanchez filed a motion ("Motion") for a sentence reduction pursuant to Amendments 782 and 788. (Dkt. No. 125.) The Government submitted a letter, which did not address the merits of Sanchez's motion, on February 2, 2015. (Dkt. No. 120.) Then, on April 2, 2015, the Probation Department made a submission to the Court and the parties, indicating its assessment that Sanchez is ineligible for a sentence reduction under Amendments 782 and 788, because the sentence he received is the mandatory statutory minimum. There have been no further submissions or filings relating to this matter.

For the reasons discussed below, Sanchez's motion is **DENIED.**

## I. *LEGAL STANDARD*

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

■ If the defendant is eligible for a reduction, the Court proceeds to the second step of the *Dillon* analysis. The

Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

## II. *DISCUSSION*

▇ To be eligible for a sentence reduction, Section 3582(c)(2) requires as a threshold matter that Sanchez's sentence be "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). Sanchez's sentence of 120 months imprisonment was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, but was based instead on a mandatory statutory minimum sentence of ten years. The mandatory minimum of 120 months imprisonment "subsume[d] and displace[d][any] otherwise applicable guideline range." *United States v. Williams,* 551 F.3d 182, 185 (2d Cir.2009) (internal citation and quotation omitted).

The fact that Sanchez's sentence was based on the mandatory statutory minimum removes this case from the ambit of § 3582(c)(2) and limits the Court's ability to reduce Sanchez's sentence. *See United States v. Dimeo,* 28 F.3d 240, 241 (1st Cir.1994); *United States v. Hanlin,* 48 F.3d 121, 124–25 (3d Cir.1995). The Second Circuit has clearly held that "[d]istrict courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory mandatory minimum sentence." *United States v. Carpenter,* 396 Fed.Appx. 743, 744 (2d Cir. 2010) (holding that the district court in that case correctly concluded that it could not modify a defendant's statutory mandatory minimum sentence under § 3582(c)(2)); *see also United States v. Torres,* 391 Fed.Appx. 903, 905 (2d Cir. 2010) (holding that defendant is not eligible for sentence reduction under § 3582(c)(2) where sentence was based on statutory mandatory minimum); *Williams,* 551 F.3d at 185 ("Once the mandatory minimum applied, [defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.' ") (*quoting* 18 U.S.C. § 3582(c)(2)).

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Frank Sanchez (Dkt. No. 125) for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines, is **DENIED** with prejudice.

**SO ORDERED.**