CLD-033                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1960
_____

UNITED STATES OF AMERICA

v.

KHAMRAJ LALL,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Action No. 3:17-cr-00343-001)
District Judge:  Honorable Georgette Castner
_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2024

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed December 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Khamraj Lall appeals from an order of the District Court denying his motion for reconsideration of its order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government has filed a motion for summary affirmance. For the following reasons, we grant the motion and will summarily affirm the District Court's order.

In 2018, Lall was convicted in the United States District Court for the District of New Jersey of, inter alia, one count of conspiracy to launder money, three counts of money laundering, and one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i) & (ii), and 21 U.S.C. § 846, respectively. At sentencing, Lall received a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for his role as a "leader of a criminal activity that involved five or more participants or was otherwise extensive." ECF No. 204-1 at 18; see also ECF No. 167 at 5-6. He was sentenced to 156 months' imprisonment, and we affirmed the judgment of conviction. See United States v. Lall, 852 F. App'x 625, 630 (3d Cir. 2021).

In October 2023, Lall filed a motion to reduce his sentence pursuant to § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines, which provides for a two-level reduction of sentence for certain "Zero-Point Offenders" – offenders without a criminal history – like him. See U.S.S.G. § 4C1.1(a). The District Court denied the motion without an opinion, and Lall filed a motion for reconsideration. In a text order, the District Court denied reconsideration, explaining that Lall was ineligible for an adjustment under § 4C1.1(a) because he had received an enhancement under § 3B1.1 for an aggravating role in the offense. Lall appeals.

2

We have jurisdiction pursuant 28 U.S.C. § 1291. We exercise plenary review over the decision to deny a reduction in sentence based on a retroactive sentencing guideline amendment. See United States v. Hanlin, 48 F.3d 121, 124 (3d Cir. 1995). We review for abuse of discretion the District Court's denial of a motion for reconsideration. See United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). We may summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

At the time the District Court denied the § 3582 motion, the sentencing guidelines provided for a two-level reduction of sentence if the defendant met a list of 10 criteria. See U.S.S.G. § 4C1.1(a) (1993). The tenth criterion required that the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10) (1993). The District Court denied relief because Lall received an aggravating role adjustment. It rejected Lall's argument, which he also presses on appeal, that he was eligible for the two-level reduction because he did not *both* receive an aggravating role adjustment *and* engage in a continuing criminal enterprise. The District Court concluded that, because Lall cannot satisfy the first part of Subsection (10), "it is irrelevant whether he can meet the second." ECF No. 210.

We agree with the District Court that Lall was ineligible for a § 4C1.1 adjustment if he *either* received an aggravating role adjustment or engaged in a continuing criminal enterprise. When read in context, Subsection (10) would be rendered superfluous if read

3

to operate in the conjunctive.  See Pulsifer v. United States, 601 U.S. 124, 143 (2024) ("When a statutory construction thus 'render[s] an entire subparagraph meaningless' . . . the canon against surplusage applies with special force.").  That is because, under the guidelines, a defendant cannot *both* have received an aggravating role adjustment *and* have been found engaged in a criminal enterprise.  See U.S.S.G. § 2D1.5, comment. (n.1) (directing that the offense level for a continuing criminal enterprise should not be enhanced by "any adjustment from Chapter Three, Part B" of the guidelines); see also U.S.S.G. § 3B1.1 (indicating, in Chapter Three, Part B, that an aggravating role in the offense warrants an adjustment).

If there were any doubt about the soundness of this interpretation of § 4C1.1(a)(10), it was laid to rest by the Sentencing Commission when it amended the guideline on November 1, 2024, subdividing the criteria in Subsection (10).  Under the amended guideline, a defendant must now meet eleven criteria to be eligible for the two-level adjustment, including "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848."  U.S.S.G § 4C1.1(a) (2024).  The amendment clarifies that an enhancement for an aggravating role under § 3B1.1, by itself, disqualifies a defendant from § 4C1.1's two-level adjustment.  See  U.S.S.G. 4C1.1 (Historical Notes, 2024 Amendments) (explaining the purpose of the amendment to § 4C1.1(a)(10) is "[t]o clarify the Commission's intention" that either of the criteria is disqualifying); see generally United States v. Rutherford, – F.4th – , No. 23-1904, 2024 WL 4645583, at *8-10 (3d Cir. Nov. 1, 2024) (concluding that it was proper to

address, for the first time on appeal, the effect on a § 3582 motion of an amended Policy Statement to the guidelines). The District Court therefore properly denied the § 3582 motion.

Based on the foregoing, Lall's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's order.